12-1268-cr
United States v. Nourse

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued: April 19, 2013     Decided: July 16, 2013)

Docket No. 12-1268

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                Appellee,

          - v.-

Michael Cook, Sean Herrmann, AKA Vinny, Scott Power, Marcel
Malachowski, AKA Sealed Defendant 4, AKA Memo, Selena
Hopper, AKA Sealed Defendant 2, AKA Sealed Defendant 5, Lee
Tarbell, AKA Sealed Defendant 6, AKA Sleeman, June Jacobs,
AKA Sealed Defendant 7, AKA Punk, John Jacobs, AKA Sealed
Defendant 8, AKA Wadd, Bryan Cole, AKA Sealed Defendant 9,
AKA Buckwheat, Jacquis Harris, AKA Sealed Defendant 7, AKA
Sealed Defendant 10, Owen Peters, AKA Sealed Defendant 11,
AKA Weezy, Brandon Benedict, AKA Sealed Defendant 12, David
Herrmann, AKA Sealed Defendant 13, Adam Fender, AKA Sealed
Defendant 14, AKA The Electrician, Jonas Cavallo, AKA Sealed
Defendant 15, AKA The Carpenter, Armande Millhouse, AKA
Sealed Defendant 16, AKA Beatlejuice, AKA Milly, Jeffrey
Baroni, AKA Sealed Defendant 18, Jason Tackus, AKA Sealed
Defendant 19, Joshua Brown, AKA Sealed Defendant 20, Sean
Canty, AKA Sealed Defendant 21, Aaron Freyder, AKA Sealed
Defendant 22, Dominick Stone, AKA Sealed Defendant 23,

                Defendants,

ANDREW NOURSE, AKA Sealed Defendant 17, AKA The Jeweler,

                Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

Before: JACOBS, Chief Judge, POOLER and WESLEY, Circuit Judges.

Andrew Nourse appeals from his sentence of 60 months' imprisonment for conspiracy to distribute and possess with the intent to distribute more than a 100 kilograms of marijuana, entered in the United States District Court for the Northern District of New York (Kahn, J.). He challenges a ruling on criminal history; but to press that argument, Nourse must overcome an appeal waiver. Although the district court expressed the terms of the waiver imperfectly, the objection was unpreserved. We hold that plain error is the standard of review for an unpreserved challenge to an appeal waiver, and that Nourse has not sustained his burden. Affirmed.

BRENDA K. SANNES (Terrence M. Kelly, on the brief) for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT, for Defendant-Appellant.

DENNIS JACOBS, Chief Judge:

Andrew Nourse appeals from his 60-month sentence, entered in the United States District Court for the Northern

District of New York (Kahn, J.), for conspiracy to distribute and possess with the intent to distribute more than a 100 kilograms of marijuana. He challenges a ruling on criminal history; but to press that argument, Nourse must overcome an appeal waiver. Although the district court expressed the terms of the waiver imperfectly, the objection was unpreserved. We hold that plain error is the standard of review for an unpreserved challenge to an appeal waiver, and that Nourse has not sustained his burden. Affirmed.

I

Andrew Nourse was a driver for an Albany drug distribution ring that operated in 2008-09. After his arrest in 2011, Nourse entered a plea agreement consenting to the charge of conspiracy to distribute and possess with the intent to distribute more than 100 kilograms of marijuana. He stipulated that he was "accountable for at least 100 kilograms but less than 400 kilograms" of marijuana. Plea Agreement at 7, ECF No. 389.

Nourse's plea agreement recites that he consulted with counsel, "fully underst[ood] the extent of his rights to appeal" and "waive[d] any and all rights, including those

3

conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and *any sentence of imprisonment of 60 months or less . . . ."* Plea Agreement at 12 (emphasis added).

During the change of plea colloquy, the district court reviewed Nourse's plea agreement with him, touching as follows on the appeal waiver:

THE COURT: Is there a waiver of any appeal
rights in the plea agreement?
MR. KELLY: Yes, your Honor. The defendant
waives his right to appeal and to collaterally attack
his conviction. He preserves the right to appeal the
reasonableness of the sentence in excess of 60 months.
THE COURT: Is that correct, Mr. Kindlon?
MR. KINDLON: Yes, your Honor, it is.
THE COURT: Do you understand that too, Mr. Nourse?
THE DEFENDANT: I do.

Change of Plea Hr'g Tr. at 14-15, ECF No. 550.

The presentence investigation report ("PSR") assigned Nourse three criminal history points based on three proceedings in Massachusetts state court, each of which was "continued without a finding." Presentence Report ("PSR") ¶¶ 31–33, ECF No. 432. A continuance without a finding is a mechanism in the Massachusetts courts that permits charges to be dismissed on a date certain if the defendant complies with negotiated terms or probation. See

4

Mass. Gen. Laws ch. 278, § 18.[1]

In the first proceeding, Nourse was charged with operating a motor vehicle under the influence of liquor, operating an unregistered motor vehicle, and marked lane violations in the district court in Hingham.  PSR ¶ 31.  In the second, he was charged with possession of marijuana in Boston.  Id. ¶ 32.  In the third, he was charged with operating a motor vehicle with a suspended license, operating an unregistered vehicle, and possession of marijuana, in Framingham.  Id. ¶ 33.  Each case was "continued without a finding," apparently in exchange for a probationary agreement.

---

[1] "A defendant who is before the Boston municipal court or a district court or a district court sitting in a juvenile session or a juvenile court on a criminal offense within the court's final jurisdiction shall plead not guilty or guilty, or with the consent of the court, nolo contendere.  Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions or that the defendant be placed on probation pursuant to the provisions of [chapter 276, § 87]."  Mass. Gen. Laws ch. 278, § 18.

Nourse argued at the February 2012 sentencing hearing that these prior offenses should not affect his criminal history. The district court rejected the argument, referencing a First Circuit opinion holding that a Massachusetts continuance without a finding could be considered for the purpose of criminal history. Sentencing Hr'g Tr. at 5-6, ECF No. 514. However, the district court also suggested that it was "an interesting issue for appeal, if [Nourse's counsel] is so inclined; I don't think our Second Circuit has ruled on it at all." Id. at 5. The court proceeded to sentence Nourse to 60 months' imprisonment, the statutory mandatory minimum. Id. at 6.

**II**

Before accepting a guilty plea, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that the court "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). The parties dispute the proper standard of review for Nourse's claim that the district court failed to comply with the Rule.

6

A circuit split over how to evaluate Rule 11 errors was resolved in United States v. Vonn, 535 U.S. 55, 58-59 (2002). A defendant who has not preserved a Rule 11 objection in district court and wishes to amend his guilty plea on appeal must show plain error. Id. After Vonn, other circuits have applied plain error to appeals arising under Rule 11(b)(1)(N) specifically. See United States v. Borrero-Acevedo, 533 F.3d 11, 13 (1st Cir. 2008) (joining "the other circuits to have considered the question and hold[ing] that the plain error standard applies to unpreserved claims of violations of Fed. R. Crim. P. 11(b)(1)(N)") (citing United States v. Murdock, 398 F.3d 491, 496 (6th Cir. 2005) and United States v. Arellano-Gallegos, 387 F.3d 794, 797 (9th Cir. 2004)); see also United States v. Sura, 511 F.3d 654, 662 (7th Cir. 2007); United States v. Edgar, 348 F.3d 867, 873 (10th Cir. 2003). Because we have not expressly stated the standard of review for unpreserved challenges under subsection (b)(1)(N), Nourse suggests that they should be considered under some different standard. We disagree.

Nourse argues that this Court has "refrained" from imposing a plain error standard in this context. Instead,

he advocates for the test set out in <u>United States v. Ready</u>, which asks whether "the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." 82 F.3d 551, 557 (2d Cir. 1996) (citation omitted).

<u>Ready</u> was decided three years before the 1999 adoption of Rule 11(b)(1)(N), and six years before <u>Vonn</u>. Nourse cites other of our cases in which plain error was not applied as the standard; but they also pre-date one or both of Rule 11(b)(1)(N) and <u>Vonn</u>. See <u>United States v. Tang</u>, 214 F.3d 365, 368 (2d Cir. 2000); <u>United States v. Martinez-Rios</u>, 143 F.3d 662, 668 (2d Cir. 1998); <u>United. States v. Chen</u>, 127 F.3d 286, 289-90 (2d Cir. 1997). In any event, <u>Ready</u>'s "knowing and voluntary" test is not at all inconsistent with plain error review: "Rule 11 is *designed* to assist district courts in ensuring that a defendant's guilty plea is knowing and voluntary." <u>United States v. Mercado</u>, 349 F.3d 708, 211 (2d Cir. 2003) (emphasis added).

We are bound by <u>Vonn</u>, which governs *all* Rule 11 appeals, subsection (b)(1)(N) included. The general principle is that "Rule 11 violations that are not objected

8

to at the time of the plea are subject to plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure." United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012) (citing Vonn, 535 U.S. at 62-63). That rule has been applied to subsections other than (b)(1)(N), see, e.g., United States v. Vaval, 404 F.3d 144, 151 (2d Cir. 2005) (using plain error review in the context of a Rule 11(b)(1)(K) appeal), and it applies here as well.

Plain error review facilitates (and protects) judicial efficiency. Without it, litigants would have little reason to bring Rule 11 errors to a district court's attention, a consideration that is equally salient for subsection (b)(1)(N). See Borrero-Acevedo, 533 F.3d at 15-16 (citing Vonn, 535 U.S. at 73). Appellate waivers advance powerful considerations of efficiency and finality; prosecutors make various accommodations in plea deals in exchange for the certainty that they will not have to spend resources litigating appeals down the line.

Accordingly, we apply plain error review to Nourse's unpreserved Rule 11(b)(1)(N) challenge. "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially

9

affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. . . . Additionally, to show that a Rule 11 violation was plain error, the defendant must demonstrate that there is a reasonable probability that, but for the error, he would not have entered the plea." Youngs, 687 F.3d at 59 (internal quotations omitted).

## III

Nourse challenges the appeal waiver on two grounds: that the judge failed to advise him of the "heart" of the appeal waiver; and that the advice given was undermined by the judge's observation that the issue of Massachusetts law bearing on criminal history was ambiguous and ripe for an appeal to the Second Circuit. Neither argument is persuasive; Nourse fails to demonstrate that any error existed, or that absent the error he would not have entered the plea.

Nourse argues that the judge "never informed [him] that he was waiving the right to appeal a sentence of 60 months or less." Nourse Br. at 10. Because Nourse did not raise this error in the district court, where it could have been

10

promptly sorted out, his argument is reviewed for plain error.  See Vonn, 535 U.S. at 62-63.

The court explicitly asked Nourse about the appellate waiver, and Nourse confirmed that he consented to it.  The exchange was perfectly lucid and understandable.

Nourse argues that the prosecutor's expression of the waiver did "*not* state by necessary implication that [Nourse] could not appeal a sentence of less than 60 months."  Nourse Br. at 11.  But no negative pregnant suggested that he could.  The prosecutor stated that Nourse waived his right to appeal, but preserved his right to appeal a sentence in excess of 60 months.  The first point makes sense only if the second is understood as a carve-out; i.e., there is a general waiver except for a sentence that exceeds 60 months.  Since, under the circumstances, there was "no realistic possibility that [the defendant] might have misunderstood the nature or source of the waiver," the district court "properly addressed the waiver provision during the plea colloquy."  United States v. Morgan, 386 F.3d 376, 379 (2d Cir. 2004).

Nourse cites as an analog, United States v. Smith, 618 F.3d 657, 664-65 (7th Cir. 2010), in which the district

11

court asked the public defender whether there was a plea waiver and elicited the response, "everything is waived with the exception of the reasonableness of the sentence . . . [a]nd he can't withdraw his plea." Id. at 565. The judge asked the defendant, "[y]ou understand that?" and the defendant said he did. Id. The Seventh Circuit held that this exchange "did not comport with the requirements of Rule 11(b)(1)(N)" because the judge had not adequately explained to the defendant the "substance of the waiver." Id. The judge's inquiries focused on the finality of the plea rather than the appeal waiver itself. Id.

There is no such ambiguity here. The relevant exchange among the judge, the prosecutor, Nourse's counsel, and Nourse himself referenced only the appeal waiver. The most logical understanding of Nourse's response is that, except for a retained "right to appeal the reasonableness of [a] sentence in excess of 60 months," he understood that he was waiving altogether "his right to appeal and to collaterally attack his conviction." Change of Plea Hr'g Tr. at 14.

Nourse contends that the appeal waiver was at least impaired when the district court suggested a Second Circuit appeal on the issue of Massachusetts law. However, "an

12

otherwise enforceable waiver of appellate rights is not rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that the defendant may appeal." United States v. Fisher, 232 F.3d 301, 304 (2d Cir. 2000). The district court's stray comment occurred at sentencing, not at the plea colloquy, so it does not speak to whether Nourse's appellate waiver was knowing and voluntary. Nourse relies on a proviso in Fisher that "[a] district judge's advice concerning appellate rights might weigh in favor of construing an ambiguous waiver not to be enforceable." Id. at 304 n.2. But for the reasons explained supra, the waiver here was not at all ambiguous.

In sum, Nourse made a knowing and voluntary waiver. He therefore has not established a Rule 11(b)(1)(N) error to satisfy the first step of the plain error test.

Nourse also fails to establish plain error for a second, alternative reason: he has not shown "a reasonable probability that, but for the error, he would not have entered the plea." Youngs, 687 F.3d at 59. In fact, Nourse admits that he does *not* want to withdraw his plea. Nourse Br. at 14 ("Unlike most Rule 11 challenges, where the defendant is seeking to withdraw his plea, Mr. Nourse is

merely seeking the opportunity to be heard on appeal as to the sentence he claims is illegal.").

Because Nourse's appeal waiver is binding, we need not reach the merits of his argument under Massachusetts law.

For the foregoing reasons, we affirm.