12-4697-cr
*United States v. Hoffman*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

PRESENT:

    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    PETER W. HALL,
              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

      -v.-                                      No. 12-4697-cr

TIMOTHY HOFFMAN,

    *Defendant-Appellant*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**        Robert J. Boyle, New York, NY.

**FOR APPELLEE:**        Richard D. Belliss, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the November 20, 2012 judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 20, 2012 judgment of the District Court be **AFFIRMED**.

Defendant-Appellant Timothy Hoffman appeals from the November 20, 2012 judgment of the District Court convicting him, on a guilty plea, of possession of a firearm by a convicted felon, and sentencing him principally to fifteen months' imprisonment. Hoffman contends that the District Court erred by failing to address the waiver of the right to appeal contained in Hoffman's plea agreement during the plea colloquy,[1] and that the fifteen-month sentence was substantively unreasonable. Familiarity with the factual and procedural background is presumed.

## DISCUSSION

Before accepting a guilty plea, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that the court "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N); *United States v. Cook*, 722 F.3d 477, 480 (2d Cir. 2013). Rule 11(b)(1)(N) violations that are not objected to at the time of the plea are subject to plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure. *Cook*, 722 F.3d at 481 (citing *United States v. Vonn*, 535 U.S. 55, 58–59 (2002)). "Plain error" review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.* at 481. Ultimately, to prevail a defendant must demonstrate a reasonable probability that, but for the error, he would not have entered the plea. *Id.*

It is undisputed that the District Court did not discuss the appeal waiver with Hoffman during the plea proceeding, or even expressly confirm that the defendant had read and understood the terms of the plea agreement. Neither party objected to this omission. While the failure to address Hoffman's waiver of appeal was a clear violation of Rule 11(b)(1)(N) and, thus, an error that was "plain," Hoffman has not argued that the error *prejudicially* affected his substantial rights,[2] much

---

[1] Hoffman's plea agreement waived, in relevant part, the right "to appeal or collaterally attack his conviction and any sentence of imprisonment of 21 months or less, including . . . the reasonableness of the sentence imposed." App'x 23.

[2] Hoffman urges us to follow *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005), which also involved a wholesale failure to address an appellate waiver. However, the court in *Murdock* explicitly rejected the notion that "a defendant could always prevail [under the plain error inquiry] simply by alleging and proving the Rule 11 violation," and stated that other events might establish that the defendant knowingly entered into the plea agreement. *Id.* at 497-98. Here, Hoffman does not argue that he was unaware of or failed to understand the waiver of appeal contained in the plea agreement. Moreover, the Guidelines range of 15-21 months was discussed at the plea proceeding, and Hoffman and his lawyer stated at the colloquy that Hoffman understood the consequences of pleading guilty. App'x 44-46.

less that, but for the error, he would not have entered the plea. Accordingly, we conclude that the appellate waiver is enforceable, and that Hoffman has forfeited his right to appeal his sentence of fifteen months.[3]

**CONCLUSION**

We have reviewed all of Hoffman's arguments on appeal and, for the reasons set out above, we **AFFIRM** the November 20, 2012 judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although we need not address the reasonableness of the sentence, we note that the District Court's decision to impose the lowest term of imprisonment under the advisory guidelines—apparently based on defendant's unwillingness to accept "that I can't protect my business, I can't protect my friends from gang violence," App'x 64-65—was not a decision outside "the range of permissible decisions," as would be required for us to find that the sentence was substantively unreasonable. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted).