15-1456-cr
*U.S. v. Samuel*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

UNITED STATES OF AMERICA,

            *Appellee,*

v.                                                                      15-1456-cr

LEON SAMUEL,

            *Defendant-Appellant.*

FOR APPELLEE:                          Robert A. Sharpe and Paul D. Silver,
                                                       Assistant United States Attorneys, *for*
                                                       Richard S. Hartunian, United States
                                                       Attorney for the Northern District of
                                                       New York, Albany, NY.

FOR DEFENDANT-APPELLANT:    Randall D. Unger, Bayside, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Leon Samuel appeals the District Court's April 23, 2015 judgment revoking his term of supervised release and imposing a two-year term of imprisonment. We assume the parties' familiarity with the underlying facts and the case's procedural history.

Samuel raises two arguments on appeal. The first is that the District Court erred in accepting his admission that he violated the terms of his supervised release because that admission was not knowing and voluntary.

Samuel having failed to raise this argument below, we review only for plain error. "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted). A defendant who seeks to vacate his conviction following a guilty plea cannot show an effect on his substantial rights unless he "demonstrate[s] that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks omitted). We see no reason why, in this closely related context, Samuel should not be put to the same burden. To make out plain error, he must show that, but for any error below, he would not have admitted to the supervised-release violation.

When a defendant wishes to admit that he has violated the terms of his supervised release, the District Court need not engage in "a formal, on-the-record colloquy" of the type required by Federal Rule of Criminal Procedure 11 in connection with guilty pleas. *United States v. Pelensky*, 129 F.3d 63, 67 (2d Cir. 1997). But the defendant's admission of the alleged conduct and his waiver of the rights afforded by Federal Rule of Criminal Procedure 32.1 must be knowing and voluntary.[1] *Id.* at 68 n.9.

---

[1] Rule 32.1(b)(2) provides:

**Revocation Hearing.** Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:

> **(A)** written notice of the alleged violation;

> **(B)** disclosure of the evidence against the person;

> **(C)** an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

Contrary to Samuel's contentions, we think it clear that, at the time he admitted his conduct, he understood the nature of the allegations against him and his exposure should he be found in violation. The record makes clear that Samuel reviewed with defense counsel his sentencing memorandum, which explained that Samuel had violated the terms of his release by robbing a bank, *see* App. 13, 27; that Judge Hurd explained in open court that the United States Sentencing Guidelines ("Guidelines") prescribed a sentence of two years' imprisonment, *see id.* at 19-20, 27-28; and that defense counsel explained, likewise in open court, that Samuel's federal sentence could, at the Court's discretion, run either concurrent with or consecutive to his state sentence, *see id.* at 27. We find no basis on which to conclude that Samuel was less than adequately apprised of these elements of the proceeding.

It is substantially less clear whether Samuel understood that, in admitting to the alleged violation, he was waiving his right to a full revocation hearing and its attendant procedural protections. *See* Fed. R. Crim. P. 32.1. The government says not a word about whether Samuel knew that he was entitled to a hearing, and we have found nothing in the record suggesting that he did. As we have already observed, a district judge accepting a defendant's admission to a supervised-release violation need not undertake a Rule 11-style voluntariness inquiry. Still, we seriously doubt whether we can conclude that a waiver was knowing and voluntary when, for all the record indicates, the defendant was unaware that the rights he was waiving in fact existed. *See United States v. Correa-Torres*, 326 F.3d 18, 24 (1st Cir. 2003) ("[T]here is no reason to believe that the appellant knew his rights [under Rule 32.1]. After all, the record does not reflect either that the court advised the appellant of his rights or that counsel reviewed those rights with him.").

In this case, however, we need not decide the question. Samuel has failed to demonstrate that the District Court's error (assuming there was one) "affected his substantial rights," because he has not shown "a reasonable probability that, but for the error, he would not have" admitted to the violation. *See Cook*, 722 F.3d at 481 (internal quotation marks omitted). It is difficult to see what Samuel would have gained by putting the government to its proof instead of admitting his conduct: the government was armed with a certificate of conviction from state court, and Samuel has not identified any evidence he might have adduced at a hearing to convince the District Court that, notwithstanding the state-court conviction, he had not violated the terms of his supervised release. Samuel does argue that, at a hearing, he could have introduced evidence that—although not relevant to whether he had violated—would have "mitigate[d] the severity of [his] violation." Def.'s Br. 12. But Samuel had the opportunity to present evidence in mitigation whether he admitted the violation

---

**(D)** notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

**(E)** an opportunity to make a statement and present any information in mitigation.

or not; indeed, he took that opportunity, addressing Judge Hurd on his own behalf in addition to benefiting from counsel's sentencing memorandum and in-court presentation. *See* App. 13-17, 29-30. Samuel has therefore failed to demonstrate, as is his burden on plain-error review, a reasonable likelihood that he would not have admitted his conduct had the District Court not erred (if it did at all).

We likewise reject Samuel's second argument: that his two-year sentence of imprisonment, to run consecutive to his three-to-six-year state term, is substantively unreasonable. "We will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012) (alterations and internal quotation marks omitted). Moreover, we have recognized "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (internal quotation marks omitted). Here, as Samuel acknowledges, he received the two-year sentence suggested by the Guidelines, and the District Court's decision to run that sentence consecutive to Samuel's state term comported with the Guidelines' recommendation that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f) (policy statement). With this in mind, and in view of the factors discussed by the District Court—Samuel's repeated violations of the terms of his supervised release, his continuing drug use, his commission in 2014 of the very crime (bank robbery) that had first earned him a federal sentence in 2008, *see* App. 34-35—we cannot conclude that the challenged sentence is substantively unreasonable.

## CONCLUSION

We have reviewed all of Samuel's arguments on appeal and find them to be without merit. We thus **AFFIRM** the April 23, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4