*15-842-cr, 15-3146-cr*
*United States v. Knowles*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          ROBERT D. SACK,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          *Appellee*,

                                                      15-842-cr
                    v.                                15-3146-cr

MICHAEL ANDREWS, GLEN BASKET, AKA BIG MUGS, JEROME BROOKS, AKA ROMY, ROBERT BRUCE, AKA ROB LOOSE, STANLEY BRUCE, AKA SB, MARCUS CHAMBERS, AKA CHINO, GERALD CHARLES, AKA TWIN, GERARD CHARLES, AKA TWIN, MICHAEL CLEMONS, AKA CARTIER, QUEJUAN COLLINS, AKA JIGGER, MICHAEL DENNIS, RAYVON DIAZ, AKA CB, JOSEPH DUQUESNE, AKA JOE LITE, JAMES EDMONSON, AKA DEWEY, KYLE ELLISON, CHRISTOPHER GLIVENS, AKA YOUNG GUNNERS,

CHRISTOPHER GRANGER, AKA CRISPY, DEXTER GRANGER, AKA COMPTON, KAREEM GRANGER, AKA REEM, RYAN GRANGER, AKA RY-G, DAQUAN GREENE, AKA DAY DAY, PAUL HARDY, JASON HARRIS, AKA J-ROCK, TYREE HUGHES, AKA CAPO, WILLIE JACKSON, AKA WOP, MARK JONES, AKA BANGER, RASHAD MCNULTY, AKA ROGER, DONTE MELVIN, AKA PUDGY, ANTHONY NORTHOVER, AKA ZIMBABWE, MARCUS ODOM, AKA MEECH, DOMINICK PALLANO, AKA DOM, SHAWN PATTERSON, AKA SP, DONALD PEGUES, AKA VEGAS, DEXTER PICKETT, AKA DEX DIGS, MARQUISE PICKETT, AKA FRESH GUALLA, BERNARD POTILLO, AKA BERNIE, TRAVIS ROBINSON, AKA 730, MARCUS SHEPPERD, AKA DO DIRT, AKA PESCI, ERIC SMITH, AKA E, SHARIF STEWART, AKA FUBU, JAMES SUMMERS, AKA SMOKE, DEXTER THOMAS, AKA DEX, RONNELL THOMAS, EDWARD WHITNEY, AKA EDRO, ANDREW WILSON, AKA DREW, RAKEEM WILSON,

               *Defendants*,

SAMUEL SUTTON, AKA THUG, STEVEN KNOWLES, AKA MANNY FRESH,
               *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | Margaret Garnett, Jessica Ortiz, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT STEVEN KNOWLES: | Herman Kaufman, Old Greenwich, Connecticut. |
| FOR DEFENDANT-APPELLANT SAMUEL SUTTON: | Nicholas J. Pinto, New York, New York. |

2

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that (1) the judgment of the district court as to Steven Knowles is **AFFIRMED**, and (2) attorney Nicholas J. Pinto's motion to be relieved as counsel to Samuel Sutton, and the government's motions to dismiss Sutton's appeal of his terms of imprisonment, supervised release, and forfeiture, and to summarily affirm his conviction and special assessment are **GRANTED**.

Defendants-appellants Steven Knowles and Samuel Sutton appeal from judgments of conviction entered in the district court on October 5, 2015 and March 10, 2015, respectively. Knowles was convicted following a four-week jury trial of conspiracy, racketeering, narcotics trafficking, the murder of Christopher Cokley, and related counts. Sutton pled guilty to conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1. *Knowles*

Knowles contends that the evidence was insufficient to convict him of conspiracy to commit murder in aid of racketeering in connection with the Cokley murder.

In an appeal challenging the sufficiency of the evidence, we review the evidence in "the light most favorable to the government and credit every inference that

3

the jury might have drawn in the government's favor." *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998) (per curiam). The jury verdict's must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979). The credibility of a testifying witness is the province of the jury and not the reviewing court. *See United States* v. *O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011).

The government presented testimony from numerous cooperating witnesses regarding Knowles's involvement in the murder conspiracy, and the jury was entitled to credit that testimony over Knowles's arguments. Furthermore, Knowles cites no authority for his argument that the government had to prove that Knowles "was the actual shooter, or [that] he was armed when the incident occurred" to sustain a conviction. Knowles Br. at 5. Nor does the government's failure to introduce the murder weapon or testimony that Knowles was seen firing a weapon at all points during the shooting require reversal. Accordingly, we conclude that there was sufficient evidence to convict Knowles of conspiracy to commit murder in aid of racketeering.

2. *Sutton*

Sutton's attorney moves to be relieved as counsel pursuant to *Anders v. California,* 386 U.S. 738 (1967). Before granting an *Anders* motion, we must be satisfied that (1) "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal"; and (2) "defense counsel's declaration that the appeal

4

would be frivolous is, in fact, legally correct." *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993).

Sutton pled guilty pursuant to a plea agreement in which he waived his right to appeal "any sentence within or below the Stipulated Guidelines Range of 135 to 168 months of imprisonment, . . . any term of supervised release that is less than or equal to the statutory maximum[, or] . . . any forfeiture amount that is less than or equal to $5,000." App. at 57-58. A defendant's knowing and voluntary waiver of his right to appeal is enforceable. *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir. 2000).

The record demonstrates that Sutton's waiver was knowing and voluntary, and that the district court substantially complied with Rule 11 in the plea allocution. The one variance -- the district court did not explain that the appeal waiver also applied to the non-imprisonment components of the sentence -- does not rise to the level of plain error. *See United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013). Therefore, Sutton may not appeal his term of imprisonment or supervised release or his forfeiture. Furthermore, neither Sutton's guilty plea nor the special assessment, the only components of the judgment not covered by the appeal waiver, presents non-frivolous issues for appeal. Accordingly, counsel's motion to be relieved, and the government's motions to dismiss Sutton's appeal of his term of imprisonment, term of supervised release, and forfeiture, and to summarily affirm his conviction and special assessment are granted.

We have considered all of the appellants' remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the district court as to Knowles is **AFFIRMED.** Sutton's appeal is **DISMISSED** as to his sentence of imprisonment, supervised release, and forfeiture, and the judgment as to him is **AFFIRMED** in all respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk