*United States v. Thomas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        SUSAN L. CARNEY,
            *Circuit Judges*,
        JOHN G. KOELTL,
            *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

      *Appellee*,

        v.                       No. 15-3708

KAYLA WALTERS,

      *Defendant,*

EDWARD THOMAS, aka Fire,

      *Defendant-Appellant.*

_____

---

[*]    Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                                    Jillian S. Harrington, Law Office of Jillian S. Harrington, Monroe Township, NJ.

FOR APPELLEE:                                     David E. Novick, Sarala V. Nagala, Sandra S. Glover (of counsel), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 17, 2015 judgment of the District Court is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Edward Thomas was convicted of one count of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c), and two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). The District Court sentenced Thomas to 210 months' imprisonment on each count of conviction, to run concurrently. On appeal, Thomas challenges several evidentiary rulings made by the District Court. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

Thomas first challenges the District Court's rejection of his motion to suppress certain evidence seized from Thomas's person and from two guest rooms in a Howard Johnson hotel in Milford, Connecticut. At a hearing held on October 28, 2014, the District Court heard testimony from FBI Special Agents Timothy Kobelia and James Wines about the specific circumstances under which they seized this evidence in the course of their effort to recover a runaway minor. After the hearing, the District Court ruled that the seized evidence was admissible. The court reasoned that, despite the absence of a warrant, exigent circumstances excused the agents' entry into Room 205; the minor validly and voluntarily consented to the agents' entry into Room 202; and the agents had probable cause to seize

2

the laptop bag, laptop, cell phone, and cash, which were in plain view and at risk of spoliation. We review the District Court's factual findings for clear error and conclusions of law *de novo*. *See United States v. Edelman*, 726 F.3d 305, 308 (2d Cir. 2013).

Thomas argues that the District Court erred in its rulings on exigency, consent, voluntariness, and plain view. Substantially for the reasons stated by the District Court, we conclude that the challenged evidence was properly admitted. The agents' valid concerns about the safety of the runaway minor created sufficiently exigent circumstances to justify the agents' entry into Room 205. *See United States v. Gilliam*, 842 F.3d 801, 804 (2d Cir. 2016). Upon our review of the record, we are satisfied that the minor in Room 205 at the very least had apparent authority to give the agents third-party consent to enter Room 202. The agents found the minor naked in Room 205, and did not see any of her clothing located in that room. The minor told the agents that she had regular access to Room 202, that she had been staying in Room 202, and that all of her clothes and other belongings were located in Room 202. It was reasonable for the agents to conclude based upon these facts, among others, that the minor had authority to give them consent to enter Room 202. *See United States v. McGee*, 564 F.3d 136, 138–39 (2d Cir. 2009). Nor was there clear error in the District Court's determination that the minor's consent was voluntary, given the agents' testimony about her calm and alert demeanor. *See United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004).

And we identify no error in the District Court's ruling that the agents had probable cause to seize the evidence in plain view that they believed, based on their observations, the circumstances, and their experience, was connected to trafficking and prostitution activity. In particular, we agree with the District Court that the agents had probable cause to seize the laptop bag in Room 205: the agents—believing that a laptop may have been used to post the minor's online advertisement for sexual services—could not be faulted for thinking that there was a reasonable probability that the laptop bag contained the object for which it was designed. *See Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (noting that probable cause's "focus is on 'probabilities,' not 'hard certainties'" (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983))).

3

Thomas also contends that the District Court should have suppressed his phone and cash, arguing that they were seized from his person after an extended detention in the hotel lobby, which, he says, violated the Fourth Amendment. Because he presents this argument for the first time on appeal, we evaluate it for plain error. To succeed on plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook,* 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted).

Thomas has failed to meet this standard. Agent Wines testified that he seized the $3,900 in cash from Thomas soon after the agents found the minor in Thomas's hotel room and that another officer seized Thomas's phone from him while the agents were upstairs gathering the minor's clothes and collecting other evidence. Although the record is unclear about the amount of time that elapsed between the stop and these seizures, Agent Wines described his expeditious efforts to interview Thomas, locate the minor, seize Thomas's cash, and collect evidence from the rooms. Agent Wines testified that, during this period, another officer seized Thomas's phone upon observing Thomas using it because the use raised safety concerns, and because Thomas could have been in the process of destroying evidence. Based on the record, it was reasonable for the agents to continue to detain Thomas while "the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly." *United States v. Bailey*, 743 F.3d 322, 336 (2d Cir. 2014) (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985)). We see no basis to conclude that his temporary detention was unlawful.

Further, the admission into evidence of the phone and money seized from his person did not affect Thomas's substantial rights. At trial, the government offered the testimony of the minor found in the hotel, as well as travel, hotel, and credit card records connecting Thomas with that minor and another minor. This included evidence that Thomas paid for these minors' travel from Oregon to Connecticut and facilitated their posting of online advertisements for sexual services. Even without the cash and phone data that Thomas now alleges were the product of an unlawfully prolonged detention, the government's evidence of

4

his guilt was overwhelming. Thomas has thus failed to demonstrate that the admission of the money and cell phone evidence amounted to plain error.

Thomas also contends that certain statements in the prosecutor's opening statement were overly argumentative, and thus prejudiced Thomas, but the statements were simply an explanation of the evidence that the jury would not hear. In any event, the statements were brief, and the judge promptly cured any resulting potential misconception, which was necessarily harmless in light of the overwhelming evidence of guilt against Thomas.

Finally, Thomas contends that the District Court erred in admitting video recordings of him rapping. He argues that the videos were more prejudicial than probative, *see* Fed. R. Evid. 403, and accordingly should have been excluded. The government counters that the videos were probative of Thomas's intent to commit trafficking and knowledge that he was dealing with minors, issues he contested at trial. We review evidentiary rulings for abuse of discretion. *See United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001). We will grant a new trial if we cannot conclude that an error in admitting evidence was harmless beyond a reasonable doubt. *Id.*

The challenged videos portrayed Thomas speaking in graphic and vulgar language about women and prostitution. We agree with the District Court that, while offensive and prejudicial, the evidence was not unfairly so: these videos were probative of Thomas's intent and admissible to counter Thomas's argument, as his counsel stated in summation, that the minor was "taking advantage of him." Gov't App. 1268. We see no abuse of discretion in the District Court's rulings. *See United States v. Pierce*, 785 F.3d 832, 841 (2d Cir.) ("Rap lyrics . . . are properly admitted . . . where they are relevant and their probative value is not substantially outweighed by the danger of unfair prejudice."), *cert. denied*, 136 S. Ct. 172 (2015).

Moreover, any error was harmless. In making that assessment, we "consider the importance of the erroneously admitted [exhibits] to the government's proof of guilt" and will find the error harmless if we are able to determine "that the wrongfully admitted evidence was unimportant in relation to everything else the jury considered on the issue in

question, as revealed in the record." *Bailey*, 743 F.3d at 342 (internal quotation marks omitted). We have no trouble doing so here. Despite their probative value for the government's theory of Thomas's knowledge and intent, the videos were not central to the government's case, were not referenced by the government in summation, and comprised only a small subset of the abundant evidence that supported conviction. No rational jury would have rendered a verdict of not guilty, even absent the asserted error.

* * *

We have considered Thomas's remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court