16-1959-cr
*United States v. Taylor*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                *Circuit Judges,*
           WILLIAM K. SESSIONS III,
                *District Judge.*\*

---

UNITED STATES OF AMERICA,

                          *Appellee,*                          16-1959-cr

                          v.

BLAIR A. TAYLOR,

                          *Defendant-Appellant.*

---

**FOR APPELLEE:**                          Michael F. Perry and Steven D. Clymer, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

\* William K. Sessions III, Judge of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**  Lisa A. Peebles, Federal Public Defender (Melissa A. Tuohey, Assistant Federal Public Defender, *on the brief*), Office of the Federal Public Defender, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 13, 2016 judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Blair A. Taylor appeals from a judgment of conviction entered on June 13, 2016, pursuant to a plea of guilty to all three counts of a three-count indictment charging him with (1) stealing government money, pursuant to 18 U.S.C. § 641, (2) making a false statement in an application for social security benefits, pursuant to 42 U.S.C. § 408(a)(2), and (3) failing to disclose an event impacting benefits eligibility, pursuant to 42 U.S.C. § 408(a)(4). The District Court sentenced Taylor to 12 months' imprisonment.

On appeal, Taylor argues that his sentence was both procedurally and substantively unreasonable. He contends that the District Court committed procedural error by relying on clearly erroneous facts and by failing to consider all of the relevant factors listed in 18 U.S.C. § 3553(a). And, he asserts that his sentence was substantively unreasonable because the District Court gave too much weight to his offense conduct and criminal history and gave too little weight to other mitigating factors. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Although we generally review sentences for "abuse of discretion," *see United States v. Bonilla,* 618 F.3d 102, 108 (2d Cir. 2010), we review Taylor's procedural claim for plain error because he did not object to the District Court's alleged errors below.[1] A district court commits procedural error "where it fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera,* 550 F.3d 180, 190 (2d Cir. 2008). The District Court did not commit any procedural error that was plain when sentencing Taylor.

---

[1] Under a plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook,* 722 F.3d 477, 481 (2d Cir. 2013).

Taylor's claim that the District Court relied on clearly erroneous facts is based on its statement at sentencing that he had "been doing this for a lifetime now, defrauding the government and different things of this nature, and while you're on probation for doing the same thing, you committed these crimes that you have been found guilty of by your admissions here." Joint App'x 56. Taylor maintains that those findings were clearly erroneous because he had only one prior welfare fraud conviction from 2006 and had otherwise not been arrested until he was thirty-four years old. We disagree.

While it is true that Taylor had not been arrested until his was thirty-four years old, he was arrested eight times since turning that age, mostly for theft offenses, which are of a similar "nature" as the theft, false statement, and failure to disclose charges that he was convicted of here. Moreover, because he was fifty-one years old at the time of his sentencing, his criminal activity had occurred over a seventeen-year period. Based on those undisputed facts, it was not error, much less plain error, for the District Court to conclude that Taylor had been "defrauding the government *and different things of this nature*" for "*a* lifetime." Joint App'x 56 (alterations added).

Taylor's second alleged ground for procedural error—that the District Court failed to consider all of the section 3553(a) factors—similarly fails. The District Court stated at the outset of Taylor's sentencing hearing that it had reviewed and adopted the Presentence Report (the "PSR"). It also stated that it had reviewed his and the government's sentencing submissions. Although the District Court described in detail only its consideration of Taylor's criminal history when imposing its sentence, section 3553(c) does not require any "specific formulas or incantations." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). Instead, "the length and detail required of a district court's explanation varies according to the circumstances." *Id.* In light of the District Court's consideration of the PSR and the parties' submissions, it was neither error nor plain error for the District Court to have described only Taylor's criminal history when imposing sentence. *See United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006) ("[T]here is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision. In the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them.").

Taylor's sentence also was not substantively unreasonable. A sentence is substantively unreasonable "only if it 'cannot be located within the range of permissible decisions.'" *Bonilla*, 618 F.3d at 108 (quoting *Cavera*, 550 F.3d at 191). Although Taylor failed to object to the reasonableness of his twelve-month sentence before the District Court, we review his claim for abuse of discretion. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014) (explaining that "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence"). Nevertheless, we employ a "deferential abuse-of-discretion standard." *Id.* at 258.

The District Court imposed on Taylor a middle of the Guidelines range sentence of 12 months' imprisonment. As we have observed before, "in the overwhelming majority of cases," a sentence that falls "comfortably within the broad range of sentences . . . would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007) (holding that reviewing courts may presume that a sentence imposed within a properly calculated Guidelines range is reasonable). Taylor's arguments on appeal do not compel a different conclusion. While he contends that the District Court failed to give sufficient to weight to certain mitigating factors, "the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks omitted). We see no basis for concluding that Taylor's twelve-month sentence was not reasonable under the circumstances presented.

## CONCLUSION

We have considered all of the arguments raised by defendant-appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 13, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4