United States v. Griffin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                         Circuit Judges,
         GEORGE B. DANIELS,*
                         District Judge.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    16-2630

GREGORY GRIFFIN, AKA Meeshack,
         Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - - -X

---

* Judge George B. Daniels, United States Judge for the Southern District of New York, sitting by designation.

** The Clerk of Court is directed to amend the official caption to conform to the caption above.

**FOR APPELLANT:**    Melissa A. Tuohey, for Lisa A. Peebles, Federal Public Defender for the Northern District of New York.

**FOR APPELLEE:**    Steven D. Clymer, for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Gregory Griffin appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, <u>J.</u>) imposing, in relevant part, a sentence of 27 months' imprisonment after his plea to violations of his conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the district court's within-Guidelines sentence was neither procedurally nor substantively unreasonable.

Griffin argues that the district court failed to adequately explain the reasons for its sentence. He did not preserve this procedural objection, and so we review it for plain error. <u>United States v. Aldeen</u>, 792 F.3d 247, 253 (2d

2

Cir. 2015), as amended (July 22, 2015).  Further, when imposing a within-Guidelines sentence for violation of supervised release, a district court's compliance with the sentencing explanation requirements of 18 U.S.C. § 3553(c) "can be minimal."  United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012), as amended (July 25, 2012).  While the district court's explanation was indeed minimal, Griffin failed to show (as he was required to do) that any lack of explanation "prejudicially affected his substantial rights," United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013).

As to Griffin's substantive challenge to his 27-month sentence, the within-Guidelines sentence was not "so shockingly high . . . or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."  Aldeen, 792 F.3d at 255 (internal quotation marks omitted).  It was therefore substantively reasonable.

For the foregoing reasons, and finding no merit in Griffin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3