16-2164-cr
*United States v. Hobby*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:    JOHN M. WALKER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                16-2164-cr

          v.

EARL HOBBY,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                    Natasha M. Freismuth and Sandra S.
                                     Glover, Assistant United States Attorneys,
                                     *for* Deirdre M. Daly, United States
                                     Attorney for the District of Connecticut,
                                     New Haven, CT.

**FOR DEFENDANT-APPELLANT:**         Robert F. Kappes, Silvester & Kappes,
                                     New London, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 14, 2016 judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Earl Hobby appeals from a judgment of conviction entered on June 14, 2016, pursuant to a plea of guilty to one count of unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1)and 924(a)(2). The District Court sentenced Hobby to 46 months' imprisonment.

On appeal, Hobby argues that his sentence was both procedurally and substantively unreasonable. He contends that the District Court committed procedural error by adopting "the representations by the government as to the factual circumstances of [his] arrest" without hearing testimony from him. Defendant's Br. at 7. And he asserts that his sentence was substantively unreasonable because the District Court gave insufficient weight to his "impassioned plea that he wished to turn away from a life of crime and drugs," *id.*, and because the 46-month sentence was substantially longer than any other prison sentence he had received previously. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Although we generally review sentences for "abuse of discretion," *United States v. Bonilla,* 618 F.3d 102, 108 (2d Cir. 2010), we review Hobby's procedural claim for plain error because he did not object to the District Court's alleged procedural error below.[1] A district court commits procedural error "where it fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). The District Court did not commit a procedural error, much less a plain procedural error, when sentencing Hobby.

The record makes clear that the District Court correctly considered all of the relevant and unobjected-to information presented to it before imposing sentence on Hobby. The fact that Hobby did not testify about his recollection of what happened on the day of his arrest does not constitute a procedural error. First, Hobby had an opportunity to explain his conduct to the court during his statement at sentencing, but chose not to do so. Second, Hobby did not object to the portion of the PSR setting forth his conduct on the day of arrest. While Hobby indicated his willingness to testify with regard to a proposed sentencing enhancement, the District Court rejected the enhancement without needing to hear his testimony and there is no indication that his testimony would have had

---

[1] Under a plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013).

any bearing on the accuracy of the offense-related conduct information already presented to the court.

Hobby's sentence also was not substantively unreasonable. A sentence is substantively unreasonable "only if it 'cannot be located within the range of permissible decisions.'" *Bonilla*, 618 F.3d at 108 (quoting *Cavera*, 550 F.3d at 189). The District Court imposed on Hobby a 46-month sentence, which was at the top of, but still within, the Guidelines range. As we have observed before, "in the overwhelming majority of cases a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 364 (2007) (holding that reviewing courts may presume that a sentence imposed within a properly calculated Guidelines range is reasonable). Hobby's arguments on appeal do not compel a different conclusion.

Based on our review of the record, we determine that the District Court considered all of the issues raised by, and relating to, Hobby at sentencing—including both mitigating and aggravating factors. While Hobby, in essence, asks us to reweigh the Section 3553(a) factors considered by the District Court, "the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks omitted). We see no basis for concluding that Hobby's 46-month sentence was unreasonable under the circumstances presented.

## CONCLUSION

We have considered all of the arguments raised by Hobby on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 14, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3