United States v. Morchik

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    16-4307

OLGA NOVOGORODSKY, OKON UMANA, IGOR KULESHOV,
LEONID ZALKIND, NIAZALY KAIPOV, PAVEL
ZBOROVSKIY, GREGORY KONOPLYA KONOPLYA, IGOR
ISHCHUK,
        Defendants,

YEFIM MORCHIK,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                          Arkady Bukh, Brooklyn, NY.

**FOR APPELLEE:**                           Shannon C. Jones, Peter A.
                                            Norling, Assistant United
                                            States Attorneys, <u>for</u> Bridget
                                            M. Rohde, Acting United
                                            States Attorney for the
                                            Eastern District of New York,
                                            Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Yefim Morchik pleaded guilty to one count of conspiracy to receive and pay health care kickbacks, in violation of 18 U.S.C. § 371. He arranged for Medicare and Medicaid beneficiaries to take medically unnecessary ambulette transportation to a clinic, where they received unnecessary services; the ambulette company and clinic fraudulently billed the government and paid kickbacks to the patients (the ambulette company also paid kickbacks to the clinic). The United States District Court for the Eastern District of New York sentenced Morchik principally to 34 months' imprisonment. Morchik appeals his sentence, asserting that it was procedurally and substantively unreasonable and that it was tainted by his counsel's ineffective assistance. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentence for procedural and substantive reasonableness, which amounts to review for abuse of discretion. <u>United States v. Cavera</u>, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." <u>Id.</u> at 190. It also errs procedurally if it does not consider the factors set forth in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous

2

finding of fact, or fails to adequately explain its chosen sentence.  Id.

A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions."  Id. at 189.  "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable.  United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (quoting United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009)).

**1.**  Morchik claims that his below-Guidelines sentence is substantively unreasonable because it is higher than the sentences of certain co-defendants he claims were more culpable than he.  Assuming that more culpable co-defendants received lighter sentences, that alone would not render Morchik's sentence substantively unreasonable, and he cites no authority in support.  Although district courts may consider the need to avoid sentencing disparity among co-defendants, such consideration is not required.  See United States v. Williams, 524 F.3d 209, 216 (2d Cir. 2008).[1]

Given the seriousness of Morchik's offense, we cannot conclude that a sentence of 34 months' imprisonment is substantively unreasonable.

**2.**  Morchik argues procedural error on three grounds, none of which is persuasive.  First, he claims that the district court failed to consider his cooperation efforts and that his breach of the cooperation agreement was caused by a co-defendant's threats.  The record reflects just the opposite.  The district court held a lengthy Fatico hearing at which it heard extensive testimony regarding Morchik's attempts to cooperate and the purported threats against him.  And at sentencing, Morchik and his attorney argued that these

---

[1] District courts must consider the need to avoid unwarranted nationwide sentencing disparities.  See 18 U.S.C. § 3553(a)(6).  However, Morchik has not shown that the district court failed to do so.  Nor has he shown that his sentence created such a disparity.

circumstances warranted leniency.  Prior to imposing the sentence, the district court stated that it had "taken into consideration [Morchik's] cooperation," the "statements made to the Court," and the § 3553(a) factors.  App'x at 261-62. Thus, the court appears to have thoroughly considered Morchik's cooperation efforts and his stated reasons for breaching his cooperation agreement.  The finding that Morchik's "dishonesty and refusal to testify in this case almost negates" his cooperation, id. at 262, is well supported by the record and does not constitute an abuse of discretion.

Second, Morchik contends that the district court failed to consider his medical conditions, which include high blood pressure, heart disease, arthritis, sleep apnea, anxiety, insomnia, depression, kidney stones, and psoriasis.  However, the district court was apprised of Morchik's poor health by the presentence report and his statement at sentencing, and the court explicitly considered both.  "[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."  United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006) abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007).  There is no indication that the court misconstrued either the health-related evidence or the court's ability to consider it.  Morchik complains that the district court relied on incomplete information because it did not have access to his medical records.  But the fault (if any) lies with his trial counsel (who chose not to submit the records), not the district court.

Finally, Morchik argues that his Guidelines calculation is based on an inflated loss amount.  Specifically, he contends that the $2,080,944 in fraudulent Medicare/Medicaid billing attributed to him by the district court (spanning nearly three years) improperly includes: (1) several months of billing that predated his employment at the ambulette company; and (2) several months of billing that postdated the last kickback he paid to the clinic.  Morchik did not raise this challenge below.

4

We therefore review for plain error.[2]  United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007).  We identify no such error.  The fraudulent billing was separate from the kickback payments, and Morchik fails to explain why fraudulent billing should not be attributed to him merely because it postdated his last kickback payment to the clinic.  He also makes no attempt to provide (or even estimate) the amounts billed during the disputed months.  He has not demonstrated that these (unspecified) amounts have an effect on the Guidelines calculation: that calculation was based on a loss amount of over $1.5 million, see U.S.S.G. § 2B1.1(b)(1)(I); so the calculation would remain the same unless the loss incorrectly attributed to him was at least $580,944 ($2,080,944 minus $1.5 million).  Morchik has not established the prejudice necessary for plain error.

**3.**  Morchik claims ineffective assistance of counsel.  We decline to review this claim on the record now before us.  This case does not present the type of circumstances under which such a claim, raised for the first time on direct appeal, may be decided.  See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); United States v. Salameh, 152 F.3d 88, 161 (2d Cir. 1998) (per curiam) (observing this Court's "baseline aversion to resolving ineffectiveness claims on direct review").  Morchik may pursue his ineffective assistance claim in a § 2255 petition.  See United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003).

---

[2] Under plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings."  United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013).

For the foregoing reasons, and finding no merit in Morchik's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK