10-2978-cr
United States v. Hernandez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
      ROBERT A. KATZMANN,
      SUSAN L. CARNEY,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
     <u>Appellee</u>,

     -v.-                           10-2978-cr

JAMES HERNANDEZ, a/k/a JAMEZ HERNANDEZ
     <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Gene V. Primomo (Lisa Peebles & Molly Corbett, <u>on brief</u>), Albany, NY.

FOR APPELLEE:        Julie Pfluger (Robert A. Sharpe, <u>on brief</u>), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

James Hernandez appeals from a judgment of conviction entered on July 22, 2010 by the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>) for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Hernandez contends on appeal that the district court improperly drew an "adverse inference" at sentencing from his refusal to tell the probation office why he possessed firearms and how one of the guns later turned up at a New York City crime scene. We disagree. The district court observed that the guns that Hernandez possessed "certainly aren't sporting weapons" but rather were "weapons used to kill human beings." The court was undoubtedly justified in inferring that Hernandez did not have the weapons "for any legitimate purpose." There is nothing improper about drawing such an inference in considering (as the district court was statutorily obligated to do) the "nature and circumstances of [Hernandez's] offense," 18 U.S.C. § 3553(a). <u>See</u> <u>United States v. Espinosa</u>, 771 F.2d 1382, 1404 (10th Cir. 1985) ("The judge's remarks concerning the defendants' silence were not made in an attempt to deny them that privilege; in fact, he expressly recognized the defendants' right to remain silent. Instead, the comments were made to explain why he decided to sentence defendants to the same term of imprisonment."); <u>United States v. Washington</u>, 586 F.2d 1147, 1156 (7th Cir. 1978) ("It clearly appears from the record that the district court did not penalize the defendants for remaining silent throughout the proceedings against them, but rather that the district court set forth the framework in which it viewed the defendant's involvement in the crimes for which they stood convicted.").

Hernandez relies on the district court's use of the phrase "adverse inference" during sentencing. While that term is sometimes associated with an inference based on a party's silence or refusal to produce evidence, <u>see</u> <u>Black's Law Dictionary</u> 847 (9th ed. 2009), the context of the

2

court's statement satisfies us that the district court had no such intention. It recognized that Hernandez's counsel had "quite properly advised his client to exercise his Fifth Amendment rights" during his presentencing interview. After reviewing the sentencing transcript, we are persuaded that the district court was drawing a constitutionally-permissible inference about Hernandez's future dangerousness based on the facts and circumstances of his crime rather than on his silence.

Even if some ambiguity remained about the source of the inference the district court drew, we would affirm. In the absence of a contemporaneous objection, we review a district court's decision for plain error. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). If Hernandez had objected to the inference drawn by the district court during sentencing, any ambiguity about the court's words could have been resolved. Accordingly, we can find no error "so serious and flagrant" as to impugn "the very integrity of the trial." Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 51 (2d Cir. 1998) (quoting Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 18 (2d Cir. 1996)).

The district court stated at sentencing that Hernandez's former girlfriend's statements were "not going to form the basis of any sentence I'm going to impose. . . . The sentence I'm going to impose . . . has to do with the two counts to which [Hernandez] pled guilty involving the weapons that have sufficiently been described in the presentence report." Therefore, we need not consider any of Hernandez's challenges relating to those statements; any error would be harmless. See United States v. Rivera, 201 F.3d 99, 100-01 (2d Cir. 1999).

Finding no merit in Hernandez's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3