15-270, 15-2157
United States v. Crespo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         REENA RAGGI,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-270,
                                                 15-2157
DAVID J. CRESPO,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              DAVID S. KEENAN, Assistant
                            Federal Public Defender, for
                            Terence S. Ward, Federal Public
                            Defender, New Haven, CT.

FOR APPELLEE:               ANTHONY E. KAPLAN (with Sandra
                            S. Glover on the brief),
                            Assistant United States

1

Attorneys, for Deirdre M. Daly, United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Burns, J.; Hall, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

David J. Crespo appeals from the judgment of conviction and sentence of the United States District Court for the District of Connecticut (Burns, J.; Hall, C.J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Crespo challenges whether there was a factual basis for his plea. We ordinarily review such a challenge for abuse of discretion; but when (as here) a defendant did not challenge the validity of his plea before the district court at the time it was entered, we review for plain error only. See United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009) (citing United States v. Vonn, 535 U.S. 55, 58-59 (2002)).

Crespo claims that his guilty plea is invalid because he did not admit to facts articulated by Government counsel -- specifically, that he acted with specific intent to defraud. However, the district court inquired whether Crespo had violated the mail fraud statute and did so by advising him of the specific elements of the offense, including "knowingly and willfully participat[ing] in the scheme or artifice to defraud with knowledge of its fraudulent nature, and *with specific intent to defraud . . . .*" J. App'x at 61-62 (emphasis added). Crespo responded, "Yes." Id. This admission, coupled with the Government's detailed proffer of the facts, satisfied the requirements of Federal Rule of Criminal Procedure 11(b)(3). See Garcia, 587 F.3d at 518.

2. Crespo claims that the district court erred by advising him to speak to his attorney when Crespo raised questions about whether he should have pleaded guilty. A district court may permit a defendant to withdraw a guilty plea after acceptance only if he "can show a fair and just

2

reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Although Crespo made comments during a hearing that suggest that he was unhappy with the plea, he never made a motion to withdraw his guilty plea. Crespo's wish to withdraw his plea appears motivated by his own reevaluation of the strength of the Government's case; that is not a "fair and just" reason he should have been permitted to withdraw his plea. See United States v. Figueroa, 757 F.2d 466, 475 (2d Cir. 1985) ("The reasons urged by [defendant] to support his withdrawal motion boil down to a change of heart prompted by a reevaluation of the government's case against him; but these do not constitute sufficient justification to overturn the district court's broad discretion in this area.").

3. Crespo argues that the district court impermissibly denied him the right to self-representation or hybrid representation in violation of the Sixth Amendment. Whether a defendant has knowingly and intelligently waived counsel is a question of law, reviewed de novo, as applied to the facts as found by the district court, which are reviewed for clear error. See Brewer v. Williams, 430 U.S. 387, 403 (1977). "[E]ven after the right to proceed pro se has been clearly and unequivocally asserted, the right may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." United States v. Barnes, 693 F.3d 261, 271 (2d Cir. 2012).

Crespo filed a letter request for appointment of new counsel, or, in the alternative, to appear pro se. The district court held a hearing with both standby counsel and appointed counsel, and at the hearing Crespo and his attorney acknowledged that they had reconciled. Furthermore, by accepting appointed counsel's representation for the months leading up to sentencing, Crespo made clear by conduct that he had abandoned his request to represent himself. See Id. at 272. Accordingly, the district court did not violate Crespo's Sixth Amendment rights.

Insofar as Crespo challenges the denial of hybrid representation -- to which he had no constitutional right -- he fails to demonstrate abuse of the district court's discretion to deny the request. See Clark v. Perez, 510 F.3d 382, 394 (2d Cir. 2008).

4. Crespo argues that his sentence was procedurally and substantively unreasonable. We review sentencing under

a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). A sentence is procedurally reasonable so long as the district court did not commit a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If the sentence is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed . . . . tak[ing] into account the totality of the circumstances." Id. A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)). We will set aside sentencing decisions only in "exceptional cases," id., as we will not substitute our judgment for that of the district court, United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006).

Crespo makes three arguments as to why his sentence was procedurally unreasonable. First, Crespo asserts that the district court made no findings prior to imposing the sentence; however, the district court stated its findings and issued a memorandum explaining how it calculated intended loss and why it applied and rejected certain enhancements. Crespo argues that the notice of appeal divested the district court of jurisdiction to issue this memorandum, but the memorandum did not modify the judgment substantively and was a permissible act in "aid of" the appeal. See United States v. Nichols, 56 F.3d 403, 411 (2d Cir. 1995).

Second, Crespo argues that the intended loss finding (which added 14 points to the base offense level) was erroneous because the Government did not prove that one of the paintings at issue was fake, that Crespo intended to sell it for approximately $725,000, or that Crespo knew the artwork was fake. However, the record included admissions from defendant that the painting was not real, testimony regarding the discussed purchase price of the painting, and a finding of Crespo's intent to sell based on reasonable

4

inferences drawn from testimony and Crespo's "dire financial situation," J. App'x at 736.

Third, Crespo argues that the district court did not consider the sentencing factors in 18 U.S.C. § 3553(a). However, Crespo can point to no record evidence that the district court failed to consider the relevant factors, and we do not require "robotic incantations" in reaching a sentence. United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005); see also Fernandez, 443 F.3d at 30 ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors."). Accordingly, each of Crespo's three challenges to the procedural reasonableness of his sentence fails.

As to substantive unreasonableness, Crespo argues that undue weight was placed on intended loss. However, Crespo's sentence was within the Guidelines range and well within the range of permissible decisions. See Cavera, 550 F.3d at 189.

5. Crespo argues that the restitution order was erroneous because the Government assumed the fake artwork was "worthless" in calculating the loss to victims. The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A and 3664, requires that a court determine the amount of each victim's losses caused by a defendant's offense of conviction. The district court's determination need not be "mathematically precise"; the district court must make a "reasonable approximation of losses supported by a sound methodology." United States v. Gushlak, 728 F.3d 184, 195–96 (2d Cir. 2013).

The district court ordered restitution to each victim in the amount of the price paid to Crespo for the artwork. To avoid any windfall to the victims, the district court also ordered victims to return to the Government any artwork for which they sought restitution. The Government would sell the returned artwork and the proceeds would be used to make restitution to the victims. This methodology was sound, avoided the need for an ex ante independent appraisal of every fake artwork that was sold, and was a reasonable approximation of the victims' losses. We therefore reject Crespo's argument that the district court erred in calculating restitution.

6. Crespo claims that his sentencing testimony was impermissibly coerced by the district court's threat to treat his silence as an indication of guilt. Because Crespo did not object to the court's statement at the time, his argument is reviewed for plain error only. Under plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotations omitted).

The Government moved to revoke Crespo's bond for posting disparaging comments on the Wikipedia page of a known grand jury witness. The district court considered the motion at the beginning of the sentencing hearing, and asked defense counsel whether Crespo admitted that he made the comments. [**JA 215-20**]. Counsel responded that Crespo was going to invoke his Fifth Amendment right to remain silent, and the court responded by saying "Okay, I can make an inference from that. All right, I'm going to accept the government's position that those changes were made by the defendant, and we can proceed from there." J. App'x at 220-21.

The exchange, in context, does not lead to the conclusion that the district court necessarily drew an inference that Crespo committed the Wikipedia violation because he was silent. Rather, the fairest reading of the record shows that the district court most likely reached its conclusion based on the Government's motion and evidence -- which Crespo was unable to meaningfully challenge or contradict. See United States v. Hernandez, 445 F. App'x 409, 411 (2d Cir. 2011) ("If [defendant] had objected to the inference drawn by the district court during sentencing, any ambiguity about the court's words could have been resolved."). Further, the district court did not revoke Crespo's bail as the government had sought in presenting evidence regarding the Wikipedia comments. Nor did it reference those comments in imposing sentence. In any event, to the extent the district court's statement about the inference was an error, that error was certainly not so serious as to affect the fairness, integrity, or reputation of judicial proceedings, given the totality of circumstances overwhelmingly supporting the district court's sentence. See Cook, 722 F.3d at 481; Hernandez, 445 F. App'x at 411.

6

7.  Crespo argues that his trial counsel provided constitutionally ineffective assistance by failing to object to the inadequate plea colloquy, failing to heed Crespo's wish to withdraw his plea, and failing to object to the violation of Crespo's Fifth Amendment right to remain silent.  He also claims that his trial counsel was ineffective because he permitted a defense expert to be interviewed by the FBI.

To establish a claim that counsel was constitutionally ineffective, a defendant "must show both that his counsel's performance was deficient as measured by objective professional standards, and that this deficiency prejudiced his defense."  Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000).  "When ineffective assistance of counsel is first raised in a court of appeals on direct review of a conviction, it is often preferable for the court to decline to consider the claim, awaiting its presentation in a collateral proceeding."  United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010).  We may do so, however, where the factual record is sufficiently developed that resolution of the claim is "beyond any doubt."  United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004).  Because we identify no error in the district court's acceptance of Crespo's guilty plea, trial counsel could not have been ineffective for failing to object on that basis.  See, e.g., United States v. Wolfson, 642 F.3d 293, 296 n.1 (2d Cir. 2011).  Insofar as the district court did not revoke Crespo's bail at the revocation hearing or reference his Wikipedia comments at sentencing, and the challenged sentence finds overwhelming support in the record, Crespo cannot show the requisite prejudice from counsel's failure to assert a Fifth Amendment objection below.  See Strickland v. Washington, 466 U.S. 668, 694 (1984).  Accordingly, we conclude that these claims fail on the merits.  We decline to address Crespo's remaining ineffectiveness claims on the present record, instead dismissing them without prejudice to their being raised in collateral proceedings.

For the foregoing reasons, and finding no merit in defendant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK