21-2801-cr
United States v. Loyd

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May , two thousand twenty-three.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 21-2801-cr

JACOB R. LOYD,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY

FOR APPELLEE: KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jacob R. Loyd appeals from a judgment of conviction entered on November 4, 2021 in the United States District Court for the Western District of New York (Siragusa, J.), after a guilty plea, pursuant to a plea agreement, to carjacking and possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c)(1)(A)(i), respectively. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Loyd pleaded guilty pursuant to a plea agreement in which he waived his right to appeal a term of imprisonment within an agreed-upon range of 123 to

138 months.  He was sentenced principally to 123 months' imprisonment, at the bottom of that range.  For the first time on appeal, Loyd argues that his guilty plea was not knowing and voluntary because the District Court failed to ensure that he understood the nature of the charges to which he pleaded guilty, as required by Federal Rule of Criminal Procedure 11(b)(1)(G).  In particular, Loyd contends that the District Court should have avoided "leading, close-ended questions" during his plea allocution and instead asked him to "describe [his] conduct in [his] own words."  Appellant's Br. 10.  We review Loyd's challenge for plain error.  See United States v. Pattee, 820 F.3d 496, 503 (2d Cir. 2016).

We have previously explained that, during a plea colloquy, "[t]he better practice [is] to . . . ask the defendant to state in his own words what he did that makes him believe that he is guilty," United States v. Hollingshed, 651 F. App'x 68, 71 (2d Cir. 2016).  But Loyd "recognizes that this Court has 'never [specifically] held that Rule 11 requires district courts to direct defendants to explain in their own words the factual basis for their guilty plea.'"  Appellant's Reply Br. 2 (quoting United States v. McCutcheon, 765 F. App'x 507, 512 (2d Cir. 2019)).

3

In any event, the record in this case clearly demonstrates that Loyd's plea was both knowing and voluntary. During Loyd's plea colloquy, the District Court confirmed that Loyd had read and understood his plea agreement, which described the nature of the charges against him. The District Court also confirmed that Loyd had discussed his plea agreement with his attorney and that he was satisfied with his attorney's advice and representation. And the District Court also asked Loyd several open-ended questions to which Loyd provided more detailed answers. For example, the District Court asked, "Of all the cars to take, why would you take a Volkswagen Beetle?" to which Loyd responded, "Closest car to me." App'x 58. The District Court then asked, "[W]hy did you hit the one guy on the head?" to which Loyd responded, "Wanted to make it as quick as possible." App'x 58. And later, the District Court asked, "What were you selling [the dime bags] for?" to which Loyd responded, "$10 each." App'x 59.

We have considered Loyd's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4