*United States v. Simmons*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-four.

PRESENT:
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                                        22-1400

**Devan A. Simmons,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | TIFFANY H. LEE (Monica J. Richards, *on the brief*), Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | JEREMIAH DONOVAN, Law Offices of Jeremiah Donovan, Old Saybrook, CT. |

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Devan Simmons pleaded guilty to possession with intent to distribute, and distribution of, fentanyl. As part of his plea agreement, which included an appeal waiver, the parties agreed that the appropriate sentencing range would be 84 to 105 months of imprisonment. At sentencing, the district court accepted the Rule 11(c)(1)(C) plea agreement and imposed a sentence, as relevant here, of 105 months of imprisonment and three years of supervised release. Simmons now appeals, arguing the district court's sentence was substantively unreasonable because 84 months would have been enough to deter future crimes. In seeking review of his sentence, Simmons asks this Court not to enforce the appeal waiver included in his plea agreement because he contends that the waiver was not made knowingly or voluntarily. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

"[W]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)). "In some cases, a defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as when the waiver was not made knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). When a defendant fails to object to a Rule 11 violation, we review for plain error under Fed. R. Crim. P. 52(b). *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005). "Plain error review requires a

2

defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. . . .  Additionally, to show that a Rule 11 violation was plain error, the defendant must demonstrate that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (quoting *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012)).

Simmons's challenge to the substantive reasonableness of his sentence is barred by his appeal waiver.  The district court did not commit plain error when discussing the appeal waiver with Simmons at the plea hearing.  Simmons confirmed that he understood the plea agreement, that he discussed it with counsel, that he had all his questions answered by counsel, and that he knowingly and voluntarily agreed to it.  The district court reminded Simmons multiple times to stop the proceeding if he had any remaining questions about the plea agreement, and Simmons did not do so.  The plea agreement informs Simmons that, by entering into it, he "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth . . . above."  App'x at A-32.[1]

Simmons argues that the plea colloquy around the waiver was difficult for a layperson to follow, but even assuming that to be true, he cannot establish plain error.  First, as noted above, the record demonstrates that Simmons understood and agreed to the terms of the plea agreement.

---

[1] To be sure, the written plea agreement could have been clearer by stating explicitly that Simmons waived his right to appeal a sentence of 188 months of imprisonment or less, rather than referencing the government's (contested) calculation of the Guidelines, which led to the colloquy discussed below. *See* App'x at A-32.

Second, in any event, Simmons cannot show "a reasonable probability that, but for the error, he would not have entered the plea." *Cook*, 722 F.3d at 481 (quoting *Youngs*, 687 F.3d at 59). In fact, he seeks to keep the plea agreement in place but to be resentenced to the low end of the agreed to sentencing range of 84 months. Because he seeks to retain the benefit of the plea agreement, Simmons fails to show that he would not have agreed to the appeal waiver absent the newly alleged confusion. His waiver was made knowingly and voluntarily, and is thus enforceable.

We have considered all of Simmons's remaining arguments and find them to be without merit. For the foregoing reasons, Simmons's appeal is **DISMISSED** as barred by his appeal waiver.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4