24-1594
*United States v. Lettieri*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-six.

PRESENT:

> GUIDO CALABRESI,
> REENA RAGGI,
> EUNICE C. LEE,
>     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                     No. 24-1594

DAVID C. LETTIERI,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Murdoch Walker, II, Bingzi Hu, Lowther Walker LLC, Atlanta, GA. |
| For Appellee: | Monica J. Richards, Assistant United States Attorney, *for* Michael DiGiacomo, United States |

Attorney for the Western District of New York, Buffalo, NY.

Appeal from a June 11, 2024 judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant David Lettieri appeals his conviction and sentence following his conviction after a jury trial of attempting to persuade, induce, or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Lettieri appeals from the district court's denial of his post-trial motions for a judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Federal Rule of Criminal Procedure 33, challenging the sufficiency of the evidence supporting his conviction, and further contending that his 240-month sentence of imprisonment is substantively unreasonable in light of his physical and mental health conditions.

In October 2020, Lettieri, then thirty-three years old, began communicating online—and later by text message—with thirteen-year-old A.B. The exchanges were sexually explicit and included discussions of meeting to engage in sexual activity. On October 12, Lettieri traveled from his home in Harpursville, New York, to Bliss, New York, where A.B. lived, to carry out the planned encounter. The plan, however, fell apart when A.B. disclosed the communication to her sister, who arranged for herself and her boyfriend to accompany A.B. to the meeting and confront Lettieri. Law enforcement later arrested Lettieri, and he admitted to the communications and to traveling to meet A.B.

2

**DISCUSSION**

## I.        Rule 29 Motion for Judgment of Acquittal

In arguing that the district court erred in concluding that the evidence was sufficient to support his conviction and denying his Rule 29 motion, Lettieri first contends that the government failed to prove that he was the individual who operated the Facebook account used to communicate with A.B., asserting that the social media evidence was inadequately authenticated.   He next argues that the eyewitness testimony failed to establish his identity as the man who appeared at Bliss Park.   Relatedly, Lettieri challenges the district court's reliance on identification testimony from FBI Special Agent Garver, arguing that Garver identified him only as the person arrested, not as the individual present at the park.   Finally, Lettieri faults the government for its failure to elicit any in-court identification from A.B., her sister, or the sister's boyfriend.

We review *de novo* a district court's denial of a motion for a judgment of acquittal under Rule 29, considering the evidence as a whole rather than piecemeal and viewing it in the light most favorable to the government.   *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011).   A defendant challenging the sufficiency of the evidence bears a heavy burden, as we must uphold the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *United States v. Bramer*, 956 F.3d 91, 96 (2d Cir. 2020) (internal quotation marks omitted).   In applying this standard, the government's proof "need not exclude every other possible hypothesis," and where the evidence supports competing inferences, we defer to the jury's choice among them.   *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008).   As relevant here, we have long held that "there is no rule of law that requires identity to be established by an eyewitness"; rather, "[i]dentity can be inferred through circumstantial evidence."   *United States v. Kwong*, 14 F.3d 189, 193 (2d Cir. 1994).   In reviewing the evidence, we must view the

3

evidence in the light most favorable to the government and draw reasonable inferences in the government's favor. *Id.*

Contrary to Lettieri's argument, the district court correctly held that, despite the fact that no one present at the time of the scheduled meeting identified Lettieri at trial, there was more than enough evidence to establish identity. Here, FBI Special Agent Garver identified Lettieri in court as the person he arrested on November 5, 2020, and testified that Lettieri admitted communicating with A.B. and driving to meet her, commuting approximately three hours from his home to the meeting location. Further, the boyfriend of A.B.'s sister, who confronted Lettieri at the arranged meeting near A.B.'s home, showed police a Facebook photograph of the man he encountered, and Garver confirmed the individual depicted in that photograph was Lettieri.

Such evidence, particularly when combined with the authenticated records linking Lettieri to the Facebook account registered as "david.c.lettieri" and T-Mobile phone number used in the sexually explicit communications, amply permitted a rational jury to find beyond a reasonable doubt that Lettieri was the individual who enticed A.B. and traveled to meet her. *See United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006) (explaining that a judgment of acquittal may be entered only where the evidence of guilt is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt).

Lettieri also challenges the sufficiency of the evidence of attempted enticement under 18 U.S.C. § 2422(b).[1] Specifically, Lettieri contends that the evidence was insufficient to show

---

[1] To sustain a conviction under 18 U.S.C. § 2422(b), the government must prove that the defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity, or attempted to do so; and that the victim was under eighteen years of age.

enticement given A.B.'s trial testimony that she "never had any intention . . . of having sex of any kind with David" when she went to the park.[2]   Appellant's Br. 13-14 (quoting Trial Tr. June 12, 2023, at 121:9–13).   Put differently, in Lettieri's view, because the crime was not completed, no attempt occurred.   That is not the law.

It is well settled that, to establish an attempt offense, the government need prove only intent and a substantial step.   *United States v. Pugh*, 945 F.3d 9, 20 (2d Cir. 2019).   That said, Lettieri's argument, which erroneously treats the absence of completed persuasion or enticement as dispositive, does not square with § 2422(b)'s focus on the defendant's efforts to persuade, induce, entice, or coerce, rather than on the victim's subjective intent, or whether the victim was actually persuaded or enticed.   18 U.S.C. § 2422(b); *see also United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) ("The words 'attempt,' 'persuade,' . . . [or] 'entice,' though not defined in [§ 2422(b)], are words of common usage that have plain and ordinary meanings.").

Applying that settled framework, the record contains ample evidence from which a rational jury could find both the requisite intent and a substantial step.   Lettieri's text messages and Facebook exchanges with A.B. were overtly sexual and detailed, describing "what he planned to do to her and how he planned to do it," including his insistence that A.B. wear revealing clothing for their encounter.   Special App'x 40-41.   In addition, Lettieri persuaded A.B. to send him nude photographs and then drove to Bliss to carry out the planned meeting.   *Id*.   And when the plan

---

[2] Because Lettieri did not raise this specific argument before the district court, *see generally* Special App'x, we review for plain error.   S*ee* Fed. R. Crim. P. 52(b).   Under that standard, Lettieri must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings."   *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted).   As discussed, Lettieri cannot satisfy that standard.

was ultimately thwarted, Lettieri messaged A.B., "thanks for the lying BS." Special App'x 36. Contrary to Lettieri's position, such lewd communications, solicitation of nude photographs, and travel to meet A.B., permitted a reasonable jury to find beyond a reasonable doubt that he took a substantial step toward persuading or enticing a minor to engage in unlawful sexual activity, in violation of § 2422(b).

## II.      Rule 33 Motion for a New Trial

The district court denied Rule 33 relief, finding that "Lettieri . . . is not entitled to a new trial based on any issue that he raises or in the interest of justice." Special App'x 43. Lettieri submits that such a denial constitutes an abuse of discretion, arguing that the government failed to prove the substantive elements of attempted enticement under § 2422(b). We disagree.

We review a district court's denial of a motion for a new trial under Rule 33 for abuse of discretion and accept the district court's factual findings unless they are clearly erroneous. *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). Rule 33 relief is granted sparingly and only in the most extraordinary circumstances, such as where the evidence preponderates heavily against the verdict or where letting the verdict stand would result in manifest injustice. *Id.* at 475-77.

Because the evidence was sufficient to sustain the conviction under Rule 29 and the record reveals no extraordinary circumstances or manifest injustice, the district court did not abuse its discretion in denying Rule 33 relief after concluding that there was no "real concern that an innocent person" had been convicted, *id.* at 475 (internal quotation marks omitted), and that "the evidence against [Lettieri was] compelling," Special App'x 43.

## III.     Substantive Reasonableness of the Sentence

Lettieri contends that his 240-month sentence is substantively unreasonable in light of his

physical and mental health conditions, including an enlarged spleen, pulmonary nodules, paralyzed vocal cords, spinal damage, and depression. We disagree.

We review a sentence for substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014). "Reasonableness review involves consideration not only of the sentence itself, but also the procedures employed in arriving at the sentence," including the "sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Florez*, 447 F.3d 145, 157 (2d Cir. 2006) (internal quotation marks omitted). The weight afforded to any § 3553(a) factor is committed to the sentencing judge's discretion and is largely unreviewable so long as the sentence is reasonable in light of the totality of the circumstances. *Id.* at 158. Where, as here, a defendant challenges only the substantive reasonableness of his sentence, we will set aside the district court's determination only in exceptional cases where the sentence cannot be located within the range of permissible decisions. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A within-Guidelines sentence will rarely fall outside the bounds of reasonableness. *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018).

In this case, the record indicates that the district court acted within its discretion when it imposed Lettieri's within-Guidelines sentence. The circumstances Lettieri identifies were presented to the court at sentencing, expressly considered in the court's review of the PSR and the parties' submissions, and acknowledged by the court as mitigating factors under § 3553(a). The district court nonetheless concluded that those considerations did not outweigh the seriousness of the offense, Lettieri's history of sexual communications with minors, his possession of child pornography, and the need for deterrence and protection of the public.

Such a determination is consistent with our view that even if § 3553(a)(2)(D) permits some level of leniency on account of needed medical care, *see* 18 U.S.C. § 3553(a)(2)(D), "the requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement [that] the factor be given determinative or dispositive weight in the particular case." *Florez*, 447 F.3d at 157 (internal quotation marks omitted).

We decline Lettieri's invitation to substitute our judgment for that of the district court and reweigh the § 3553(a) factors, as the imposed sentence is neither "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

\*                    \*                    \*

We have considered Lettieri's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8